Peter C. Holzer, Attorney at Law
210 West Main Street, Suite 102
Tustin, CA 92780
Telephone:   (714) 731-0900
Facsimile:   (714) 731-7867

Attorney for Plaintiff
SURAT SINGH

# UNITED STATES DISTRICT COURT

## IN AND FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA COURTHOUSE

| | |
|---|---|
| SURAT SINGH,<br><br>      Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA; SELECT PORTFOLIO SERVICING; and DOES 1 through 10, Inclusive.<br><br>      Defendants. | Case No.   **SACV13 - 01125 SJO (AJWx)**<br><br>**COMPLAINT FOR:**<br>  1. **VIOLATION OF THE FEDERAL FAIR CREDIT REPORTING ACT;**<br>  2. **VIOLATION OF THE CALIFORNIA FAIR DEBT COLLECTION PRACTICES ACT;**<br>  3. **VIOLATION OF THE UNFAIR BUSINESS PRACTICES ACT; and**<br>  4. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, and DEMAND FOR JURY TRIAL** |

COMES NOW, the Plaintiff, SURAT SINGH, who respectfully requests this

Court to issue Declaratory Judgment, Preliminary and Permanent Injunctive Relief

and Damages. In support thereof, Plaintiff shows and alleges unto the Court as

follows:

This is a civil action whereby Plaintiff seeks Preliminary and Permanent Injunctive Relief enjoining Defendant BANK OF AMERICA NT & SA, INC., (hereafter "B of A"), SELECT PORTFOLIO SERVICING (hereafter "SELECT"), and other conspirators, agents, servants and employees and those acting in active concert and with actual notice thereof, from engaging in further violations of the Fair Credit Reporting Act (15 U.S.C. § 1681 et. seq. (hereafter "FCRA")), the Federal and California Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et. seq.* (hereafter "FDCPA")). An actual controversy exists between the parties, in that the challenged actions of the Defendants have caused and will continue to cause the Plaintiff substantial harm unless the requested relief is granted.

## JURISDICTION AND VENUE

1.       Jurisdiction of this court arises under 15 U.S.C. §§ 1681p and 1692k(d) and 28 U.S.C. § 1331.  Declaratory relief is available pursuant to 28 U.S.C. § 2201.

2.       Venue is proper, because many of the relevant events occurred within the County of Orange in the State of California, which is located within this District.

3.       Plaintiff's Federal and State Law claims against the Defendants derive from a common focus of operative fact and are of such character that Plaintiff would ordinarily be expected to try them in one judicial proceeding. Consequently,

1   this court has pendent jurisdiction over Plaintiff's State law claims against the

2   Defendants.

3       4.      This is an action brought by a consumer for violations of the above

4   named Acts in connection with a purported debt appearing on Plaintiff's consumer

5

6   reports, the defendants' collection tactics in attempting to collect it, and the

7   Defendants' refusal to remove or correct inaccuracies regarding it, despite written

8

9   correspondence specifying the inaccuracies and providing information that would

10  facilitate a reasonable reinvestigation of the matter. Thus, the Plaintiff seeks

11  damages and, to the extent possible, injunctive and declaratory relief.

12                                  PARTIES

13

14      5.      The Plaintiff is a natural person residing within Orange County, in

15  California.

16      6.      Defendants B of A and SELECT are businesses that use instruments

17

18  of interstate commerce to facilitate the collecting of debts owed or asserted to be

19  due to them by another.  Plaintiff is informed and believes and, upon such

20  information and belief alleges, that Defendant B of A is a Virginia corporation and

21  SELECT is a Utah corporation.

22

23      7.      Plaintiff is unaware of the true names and capacities of defendants

24  Does 1 to 10, and therefore sues these Defendants by such fictitious names.

25

COMPLAINT - 3

Plaintiff will pray for leave to amend this complaint to set forth their true names and capacities when same have been ascertained.

8.    Plaintiff is informed and believes and, upon such information and belief alleges, that each of the Defendants Does 1 to 10 is, in some manner, responsible for the events and happenings herein referred to and caused the damage to Plaintiff as herein alleged. Plaintiff prays leave to amend this complaint to allege such true names and capacities when same are ascertained.

9.    Plaintiff is informed and believes and, upon such information and belief alleges, that Defendants DOES 1 through 10, inclusive, are, and were at all times relevant to this complaint using instruments of interstate commerce to facilitate the collection of debts owed or asserted to be due to them or to the B of A.

10.    Plaintiff is informed and believes and, upon such information and belief alleges, that all Defendants were agents of the others, and are jointly and severally liable.

11.    Plaintiff entered into a written agreement with SCME MORTGAGE BANKERS ("SCME"), the predecessor in interest to Defendant B of A, on or about May 23, 2005.

12.    On June 20, 2005, Plaintiff executed a promissory note in favor of SCME. Concurrent with the execution of that note, Plaintiff also executed a deed

of trust against real estate owned by Plaintiff.  Under that deed of trust, Plaintiff was the trustor, Stewart Title Company of San Diego was the Trustee, and SCME was the beneficiary.  The trust deed was recorded on June 29, 2005, as instrument number 2005-000504856, in the public records maintained by the County Recorder of the County of Orange.

13.    Plaintiff is informed and believes and, upon such information and belief alleges, that in and about July of 2005, SCME assigned all of its right, title, and interest in and to the note and deed of trust to Countrywide Home Loans Company ("Countrywide").

14.    Plaintiff is informed and believes and, upon such information and belief alleges, that in and about 2008, Defendant Bank of America acquired Countrywide.

15.    Plaintiff is therefore a "consumer," as that term is defined in 15 U. S. C. § 1692a.

16.    The note executed by Plaintiff in favor of Defendant B of A's predecessor in interest and the account thereon is a "debt", as defined by 15 U.S.C. § 1692a (5).

17.    Plaintiff is informed and believes and, upon such information and belief alleges, that Defendant SELECT is a loan servicer retained by Defendant B of A to do its bidding, and allow Defendant B of A to shield itself from potential

liability by creating the illusion of a theoretical neutral third party doing the below-described acts.

18.     Within the last year, Defendants, and each of them, have knowingly reported false information to credit reporting agencies concerning Plaintiff's performance under the debt instruments described above in this Complaint.  In doing so, Defendants, and each of them, have knowingly reported to those agencies that Plaintiff has not performed the duties imposed upon him by the debt instruments.

19.     Among the statements made by Defendants to credit reporting agencies about Plaintiff are the following:

    a.  That Plaintiff allegedly failed to tender payment of monthly installments of principal and interest due and owing under the note;

    b.  That Plaintiff allegedly failed to tender payment of other charges that said Defendants claim to have legitimately imposed on Plaintiff under the terms of the debt instruments;

    c.  That Plaintiff allegedly failed to tender payment of periodic installments of real property taxes for the subject property when they became due and payable; and

d.  That Plaintiff had allegedly become insolvent because the value of the property was not equal to at least the value of the liens of record against it.

20.  None of the above-referenced statements made by Defendants to credit reporting agencies about Plaintiff were true.  In fact, the true facts were as follows:

a.  That Plaintiff has not failed to tender payment of monthly installments of principal and interest due and owing under the note;

b.  That Plaintiff has not failed to tender payment of other charges that said Defendants claim to have legitimately imposed on Plaintiff under the terms of the debt instruments;

c.  That Plaintiff has not failed to tender payment of periodic installments of real property taxes for the subject property when they became due and payable; and

d.  That Plaintiff was and is not insolvent; the value of the property greatly exceeds the value of the liens of record against it.

21.  On several occasions, Plaintiff has notified Defendants, in writing and orally, that the information that Defendants have reported to credit reporting agencies was inaccurate.

22.     Because of those notices provided to them by Plaintiff, Defendants had no legitimate reason to believe that the statements that they reported to credit reporting agencies about Plaintiff were truthful or accurate.

23.     Plaintiff is informed and believes and, upon such information and belief alleges, that Defendants did not attempt to undertake a factual investigation concerning the statements that they reported to credit reporting agencies about Plaintiff despite having been put on notice by Plaintiff that the statements that they reported to credit reporting agencies about Plaintiff were false.

24.     More importantly, Defendants took no steps to correct the inaccurate information that they had communicated to credit reporting agencies about Plaintiff.  Further, Defendants took no steps to cause the credit reporting agencies to remove the inaccurate information about Plaintiff that those agencies posted on their public reports.

25.     At no time did Defendant B of A inform the Plaintiff that this dispute is frivolous or irrelevant, nor did it inform him that more information was needed to investigate the dispute.

26.     Within the last year, Defendant B of A tendered a payment to the Orange County Tax Collector's office for a supplemental tax debt that purportedly had accrued against the subject property.  Defendant B of A claimed that a

supplemental tax was due and owing to the Orange County Tax Collector's office because there had purportedly been a change in ownership of the subject property.

27.     After Defendant B of A tendered the payment to the Orange County Tax Collector's office for the alleged supplemental tax debt, it levied the amount that it paid to the Orange County Tax Collector's office as additional principal under the loan instruments which Defendant claimed that Plaintiff was obliged to immediately repay.

28.     The above-referenced alleged supplemental tax debt that was purportedly paid by Defendant B of A was not a legitimate obligation.  Plaintiff filed an appeal with the Orange County Tax Collector's office contesting the validity of the supplemental tax assessment.  Consequently, the supplemental tax assessment could not have been the basis for an enforceable tax lien, and Defendant B of A should not have paid it.

29.     Plaintiff gave written notice to Defendant B of A that the alleged supplemental tax debt was not a legitimate obligation.  Despite that written notice, Defendant B of A stubbornly persisted in paying the assessment and then levying the amount that it paid to the Orange County Tax Collector's office as additional principal under the loan instruments, which Defendant claimed that Plaintiff was obliged to immediately repay.

30.   Despite having received written notice that the alleged supplemental tax debt was not a legitimate obligation, Defendant B of A reported that item as a delinquent payment on the credit report concerning Plaintiff that it sent to credit reporting agencies.   Defendant B of A did that, knowing that the credit reporting would issue a written report that Plaintiff failed to timely pay a legitimate obligation.

31.   Plaintiff is informed and believes and, upon such information and belief alleges, that Defendant B of A reported this claimed delinquency, which it knew to be reasonably disputed to the credit reporting agencies, without notifying the agencies about the existence of the dispute.

32.   As a direct, foreseeable, and proximate result of Defendant's conduct, as described hereinabove, Plaintiff's publically reported credit has been irreparably damaged.

33.   As a direct, foreseeable, and proximate result of Defendant's conduct, as described hereinabove, Plaintiff lost opportunities to obtain credit.   Among those lost opportunities was a potential loan in the amount of six million dollars ($6,000,000.00) on very favorable terms.   Plaintiff is informed and believes and, upon such information and belief alleges, that, had it not been for the false report generated by Defendant B of A and transmitted to credit reporting agencies,

Plaintiff would have qualified for and the received the six million dollar ($6,000,000.00) loan.

34.    Plaintiff incurred damage by Defendant's unauthorized expenditure and its willful defamation of his good credit standing in the community, in an amount to be proven.

35.    Plaintiff is informed and believes and, upon such information and belief alleges, that the loan documents provide, in part, that in the event of a lawsuit concerning the documents, the party prevailing in such litigation shall recover attorney's fees.

36.    In order to enforce his rights under the loan documents, Plaintiff has been required to retain the services of Peter Holzer, Attorney at Law.  He is entitled to recover his attorney's fees.

COUNT 1

(VIOLATION OF THE FAIR

DEBT COLLECTION PRACTICES ACT)

37.    The allegations of paragraphs 1 through 36 of this Complaint are realleged and incorporated by reference.

38.    Defendants, and each of them, are debt collectors, as defined by 15 U.S.C. § 1692a(6).

39.     Defendants, and each of them, violated the FDCPA by, among other things, the following:

    a.  Knowingly and willfully broadcasting information about Plaintiff that they knew was false;

    b.  Assessing charges against Plaintiff that said Defendants knew were not legitimate obligations; and

    c.  Failing and refusing to withdraw or correct statements that Defendants had communicated to credit reporting agencies, which information Defendants knew to be inaccurate.

40.     Defendants, and each of them, are liable for multiple violations of § 1692e (2)(a) and 1692e(10) for the false representation of the character, amount, or legal status of a debt.

41.     Defendants, and each of them, are liable for multiple violations of § 1692e for communicating information which was known by Defendants to be false and inaccurate.

42.     Plaintiff is informed and believes and, upon such information and belief alleges, that the foregoing violations of the FDCPA are among the Defendants' standard procedures and practices towards consumers such as the Plaintiff, for which the Defendants are motivated by enhanced profits.

43.     Plaintiff incurred damage by Defendant's unauthorized expenditure and its willful defamation of his good credit standing in the community, in an amount to be proven.

44.     Plaintiff is informed and believes and, upon such information and belief alleges, that the loan documents provide, in part, that in the event of a lawsuit concerning the documents, the party prevailing in such litigation shall recover attorney's fees.

45.     In order to enforce his rights under the loan documents, Plaintiff has been required to retain the services of Peter Holzer, Attorney at Law.  He is entitled to recover his attorney's fees.

COUNT 2

(VIOLATIONS OF THE

FAIR CREDIT REPORTING ACT)

46.     The allegations of paragraphs 1 through 36 of this Complaint are realleged and incorporated by reference.

47.     Plaintiff is informed and believes and, upon such information and belief alleges, that Defendants, and each of them, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about their transactions or experiences with any consumer.

48.    Defendants did not notify the plaintiff at any time that the dispute was considered frivolous or irrelevant, or that plaintiff had failed to provide sufficient information to investigate the disputed information.

49.    Defendants failed to review all relevant information provided by the consumer reporting agencies, pursuant to 15 U.S.C. § 1681i (a)(2), and as required by 15 U.S.C. § 1681s-2(b)(1)(B).

50.    Defendants failed to adequately conduct an investigation with respect to the disputed information, as required by 15 U.S.C. § 1681s-2(b)(1) after the Plaintiff's notice of dispute was received by it.

51.    Defendants failed to report the results of the investigation findings to the consumer reporting agencies that the information provided by such person was incomplete or inaccurate, as required by 15 U.S.C. § 1681s-2(b)(1)(D).

52.    Defendants failed to report the results of the investigation to the consumer reporting agencies, as required 15 U.S.C. § 1681s-2(b)(1)(C).

53.    Plaintiff is informed and believes and, upon such information and belief alleges, that Defendants, in response to the notices of reinvestigation from the Credit Reporting Agencies, verified that the disputed information was accurate and complete, even though it was in possession of information which showed that the tax obligations were not actually due and payable, and that its information was inaccurate.

54.     Plaintiff incurred damage by Defendant's unauthorized expenditure and its willful defamation of his good credit standing in the community, in an amount to be proven.

55.     Plaintiff is informed and believes and, upon such information and belief alleges, that the loan documents provide, in part, that in the event of a lawsuit concerning the documents, the party prevailing in such litigation shall recover attorney's fees.

56.     In order to enforce his rights under the loan documents, Plaintiff has been required to retain the services of Peter Holzer, Attorney at Law.  He is entitled to recover his attorney's fees.

COUNT 3

(VIOLATIONS OF THE UNFAIR BUSINESS PRACTICES ACT)

57.     The allegations of paragraphs 1 through 36 of this Complaint are realleged and incorporated by reference.

58.     Plaintiff is informed and believes and, upon such information and belief alleges, that Defendants violated California's Unfair Business Practices Act by engaging in the above-referenced conduct.

59.     Defendants violated that statute by disclosing to Equifax and other credit reporting agencies information affecting the plaintiff's reputation, whether or

not for credit worthiness, with knowledge or reason to know that information was false.

60.    The Defendants violated California's Unfair Business Practices Statute by disclosing to others information affecting the Plaintiff's reputation, whether or not for credit worthiness, with knowledge or reason to know that information was false.

61.    Defendants, and each of them, knew and understood that the information was false and inaccurate.  They knew that because Plaintiff had previously provided them with written notice that the information was false and inaccurate.

62.    Defendants failed to enact reasonable rules, policies, procedures, or training to prevent their agents and employees from carrying out such destructive and deleterious actions.

63.    Defendants, and each of them, separately and individually violated California's Unfair Business Practices Statute by disclosing information concerning the existence of a debt known to be reasonably disputed by the Plaintiff without disclosing that fact.

64.    Plaintiff incurred damage by Defendants' unauthorized expenditure and its willful defamation of his good credit standing in the community, in an amount to be proven.

## COUNT 4

## (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

65.     The allegations of paragraphs 1 through 36 of this Complaint are realleged and incorporated by reference.

66.     The Defendants intended to and did inflict severe emotional distress upon Plaintiff by engaging in actions that intended to harass, belittle, confuse, mislead and threaten the Plaintiff, the purpose of which was to intimidate and coerce the Plaintiff into paying a debt which was not legitimately owed, and conspired to systematically deny the Plaintiff his right to dispute the legitimacy and validity of a claimed debt.  That conduct was so extreme so as to be beyond what is deemed acceptable behavior in a civilized society.

67.     The Defendants attempted to take advantage of a consumer reasonably unable to protect his interests because of an assumed ignorance and an inability to understand the legal issues and other factors involved, and therefore acted with unconscionable intent.

68.     Plaintiff incurred damage by Defendants' unauthorized expenditure and its willful defamation of his good credit standing in the community, in an amount to be proven.

69.     Plaintiff is informed and believes and, based upon that information and belief alleges, that Defendants, and each of them, engaged in the above

conduct knowing that they had deprived an elderly person of his statutory rights, and knowing that Plaintiff would be damaged as a result. In doing so, Defendants, and each of them, acted in conscious disregard of Plaintiff's known rights. Defendants did those things with malice and oppression, and with the intent to harm Plaintiff. Because of that, Plaintiff is entitled to recover punitive and exemplary damages.

REQUESTED RELIEF

WHEREFORE, the Plaintiff respectfully requests relief as follows:

1.     For preliminary and permanent injunctive relief, enjoining all of the named Defendants and other conspirators from engaging in further violations of the Fair Credit Reporting Act and the Fair Debt Collection Practices Act, among other statutes;

2.     For preliminary and permanent injunctive relief, enjoining all of the named Defendants and other conspirators from:

A.     Selling, transferring, reporting, or otherwise assigning the above named account to any other collection agency, debt collector, reseller or Credit Reporting Agency;

B.     Attempting to place the Plaintiff on any "deadbeat list," or attempting in any way to impugn the Plaintiff's reputation as a tenant or as a

consumer in connection with any and all transactions carried out or related to the aforementioned alleged debt;

3.     For an order awarding actual damages in at least the amount of one million dollars ($1,000,000.00);

4.     For an order awarding punitive and exemplary damages in at least the amount of ten million dollars ($10,000,000.00);

5.     For reasonable attorney's fees;

6.     For costs of suit incurred; and

7.     For such other and further relief as the court deems just and proper under the circumstances.

Dated this 26th day of August, 2013

Peter C. Holzer
Attorney for Plaintiff
SURAT SINGH

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge S. James Otero and the assigned discovery Magistrate Judge is Andrew J. Wistrich.

The case number on all documents filed with the Court should read as follows:

## SACV13- 1125 SJO (AJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

SURAT SINGH

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

BANK OF AMERICA, SELECT PORTFOLIO SERVICING, and DOES 1 through 10, Inclusive

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Peter C. Holzer, Attorney at Law
210 West Main Street, Suite 102, Tustin, CA 92780
Telephone: (714) 731-0900
Facsimile: (714) 731-7867

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding
☐ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☐ No   ☐ **MONEY DEMANDED IN COMPLAINT:** $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | **TORTS** | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **PERSONAL PROPERTY** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | ☐ 370 Other Fraud | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 371 Truth in Lending | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influ-enced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 380 Other Personal Property Damage | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 385 Property Damage Product Liability | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | **BANKRUPTCY** | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Com-modities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | ☐ 422 Appeal 28 USC 158 | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 350 Motor Vehicle | **CIVIL RIGHTS** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☒ 440 Other Civil Rights | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 441 Voting | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpratice | ☐ 442 Employment | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/ Accomodations | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 210 Land Condemnation | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 751 Family and Medical Leave Act | |
| | ☐ 230 Rent Lease & Ejectment | | ☐ 448 Education | ☐ 790 Other Labor Litigation | |
| | | | | ☐ 791 Employee Ret. Inc. Security Act | |

FOR OFFICE USE ONLY: Case Number: **SACV13 - 01125 SJO (AJWx)**

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ NO  ☐ YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☒ NO  ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| ORANGE | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Bank of America - Virginia<br>Select Portfolio Services - Utah |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | |

**\*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _____ DATE: __July 25, 2013__

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

CV-71 (02/13)  CIVIL COVER SHEET  Page 2 of 2